# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

| | | |
|---|---|---|
| RENDELL JEREL MOORE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:22-cv-33 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| BEDFORD COUNTY, TENNESSEE, and | ) | Magistrate Judge Steger |
| BEDFORD COUNTY JAIL, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a pro se prisoner's civil rights action under 42 U.S.C. § 1983 against Bedford County and the Bedford County Jail [Doc. 1], and a motion for leave to proceed *in forma pauperis* in this cause [Doc. 11]. For the reasons set forth below, the Court will grant Plaintiff's motion, dismiss certain claims and the named Defendants, and allow Plaintiff an opportunity to submit an amended complaint.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion [Doc. 11] and supporting documents [Doc. 9] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 11] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ANALYSIS

### A. Plaintiff's Allegations

At approximately 5:45 a.m. on June 13, 2022, Plaintiff, a pretrial detainee housed in D-pod cell 220 at the Bedford County Jail, got into a physical altercation with his cellmate, a state inmate named Samuel Benicio, after Benicio attempted to take Plaintiff's breakfast tray and mattress [Doc. 1 p. 4-5; Doc. 10 p. 1]. The cellmates fought while Correctional Officers Hanel and Wren stood by watching and awaiting backup while Plaintiff and other inmates yelled for officers to intervene [Doc. 1 p. 5; Doc. 10 p. 1-2]. Plaintiff "threw his hands up in surrender" as Benicio "kept swinging" at Plaintiff [Doc. 10 p. 2]. The altercation continued another thirty (30) minutes to ninety (90) minutes before Correctional Officers Hanel, Keys, and Wren entered the cell and handcuffed Plaintiff [Doc. 1p. 4; Doc. 10 p. 2].

At approximately 6:45 a.m., Plaintiff was placed in a cell with a working phone to call his family, but Sergeant Rutledge disconnected the phone [Doc. 10 p. 2]. Plaintiff heard Sergeant Metcalf tell Officer Wren that county inmates are not supposed to be housed with State inmates [Doc. 10 p. 2]. Plaintiff was then denied medical services for a busted lip, which resulted in "mental anguish" and scars [Doc. 1 p. 5]. Despite these incidents, Plaintiff was placed in C-pod with Benicio in July 2022 [Doc. 1p. 5; Doc. 10 p. 2].

2

Aggrieved, Plaintiff filed the instant suit seeking $400,000,000 in compensation for the mental anguish and pain and suffering caused by Defendants' actions [Doc. 1 p. 5].

**B.      Screening Standards**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 570.  However,

courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C.    Analysis

#### 1.    Housing with State Inmate

First, the Court addresses Plaintiff's claim that his constitutional rights were denied because he, a pretrial detainee, was improperly housed with a "state inmate" [*See* Doc. 1 p. 3]. Neither detainees nor convicted prisoners possess a constitutional right to be housed in any particular facility or area of the facility.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (holding that a prisoner does not have a constitutional right to be placed in a specific security classification).  Therefore, a plaintiff "cannot state a claim under § 1983 based generally on being a pretrial detainee housed with state inmates." *Latham v. Oshefski*, No. 1:19-CV-P131-GNS, 2019 WL 6178684, at *5 (W.D. Ky. Nov. 20, 2019).  Instead, to state a claim, a plaintiff must present some indication that Defendants knew or should have known that comingling detainees and convicted prisoners posed some particular risk.  *See Collier v. Haywood Cnty.*, No. 14-1324-JDT-EGB, 2015 WL 1758075, at *6 (W.D. Tenn. Apr. 17, 2015) (housing pretrial detainee with inmates convicted of unspecified crimes was insufficient to establish deliberate indifference when plaintiff did not allege any jail employee was aware that any convicted inmate presented a risk to plaintiff).  Plaintiff does not here make any allegations from which the Court could infer that Defendants knew or should have known that convicted inmates posed a danger to him prior to the incident giving rise to this action, and therefore, this claim will be dismissed.

#### 2.    Disconnected Phone

Plaintiff maintains that after his altercation with Benicio, he was placed in a booking cell to call his family, but the telephone was disconnected by Sergeant Metcalf [Doc. 10 p. 2].  It is

unclear whether Plaintiff included this allegation for completeness or to state a claim for § 1983 relief. Therefore, the Court will address the allegation as an intended § 1983 claim.

It is well settled that "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (internal punctuation and citations omitted). Here, Plaintiff has not alleged any facts to indicate that he is prohibited from communicating regularly with friends, family, and/or his attorney, nor has he alleged any facts from which the Court could infer that disconnecting the telephone in the booking cell where Plaintiff was housed following a violent altercation with another inmate was an unreasonable restriction. Therefore, any such claim will be dismissed.

### 3. Named Defendants

Plaintiff has listed both Bedford County and the Bedford County Jail as the parties responsible for the constitutional violations alleged in his complaint [Doc. 1 p. 2]. However, Plaintiff cannot sustain this action against the Bedford County Jail, as a building is not a "person" subject to § 1983 liability. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, the Bedford County Jail will be dismissed from this action.

Conversely, a county may be liable under § 1983 for injuries sustained as a result of an unconstitutional policy or custom. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Here, however, Plaintiff does not identify any official

5

policy or established custom that caused him to be assaulted or denied medical care as alleged in his complaint, and therefore, he cannot sustain a claim against Bedford County itself.

### 4. Opportunity to Amend

Despite Plaintiff's failure to name a party that may be held liable for the wrongdoing alleged in his complaint, the Court notes that correctional officials have a duty to protect prisoners from violence by other prisoners, ensure that prisoners receive adequate medical care, and to take reasonable measures to protect their safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Therefore, the Court finds that Plaintiff may be able to state a plausible constitutional claim if he is provided an additional opportunity to identify the specific Defendant(s) responsible for allegedly failing to protect him and/or denying him medical treatment and support these statements with factual enhancement. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a § 1983 claim).

Accordingly, the Court will allow Plaintiff an opportunity to file an amended complaint listing as named Defendants the persons responsible for failing to protect him and/or denying him medical care, along with the specific factual basis supporting each Defendant's liability. Plaintiff should not make legal arguments as to any Defendant's liability or address any claim dismissed by this Order, but rather, he should advise the Court of the facts — the who, what, when, where, why, and how — surrounding his claims.

Therefore, if Plaintiff wishes to proceed with this litigation, he is **ORDERED** to file within fourteen (14) days of entry of this Order a single, comprehensive complaint that sets forth the following in concise language: the name(s) of each Defendant, the constitutional claim(s) for relief attributable to that Defendant, the factual allegations supporting each claim, and the specific injuries (if any) suffered by Plaintiff.

Plaintiff is **NOTIFIED** that if he does not file the amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which relief may be granted.

Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to further amend or supplement the complaint and/or motions filed before the Court has completed this screening.

## III.    CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 11] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.    Plaintiff cannot maintain suit against Bedford County or the Bedford County Jail, and they are **DISMISSED** from this action;

5.    Plaintiff's complaints regarding telephone access and being housed with state inmates are **DISMISSED** for failure to raise constitutional issues;

6.    Plaintiff shall have fourteen (14) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7.    If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted; and

8.      Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

8