UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| RENDELL JEREL MOORE, | ) |
| *Plaintiff*, | ) |
| | ) No. 4:22-cv-33 |
| v. | ) |
| | ) Judge Atchley |
| OFFICER HANEL, C/O MS. RUTLEDGE, OFFICER WREN, C/O MR. DAVIS, OFFICER KEYS, and SEARGEANT METCALF, | ) Magistrate Judge Steger |
| *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate proceeding pro se and *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983, has filed an amended complaint that is before the Court for screening under the Prison Litigation Reform Act ("PLRA") to determine whether it states a justiciable claim. *See* 28 U.S.C. § 1915A.

I.   ALLEGATIONS OF AMENDED COMPLAINT

At approximately 5:45 a.m. on June 13, 2022, Plaintiff, a pretrial detainee housed in D-pod at the Bedford County Jail, got into a physical altercation with his cellmate, a state inmate named Samuel Benicio, after Benicio attempted to take Plaintiff's breakfast tray and mattress [Doc. 13 p. 3-4]. The cellmates fought while Correctional Officers Hanel and Wren stood by watching and awaiting backup, while Plaintiff and other inmates yelled for officers to intervene [*Id*. at 4]. Plaintiff "threw his hands up in surrender" as Benicio "kept swinging" at Plaintiff [*Id*.]. The altercation continued for another thirty (30) to ninety (90) minutes before Correctional Officers Hanel, Keys, and Wren entered the cell and handcuffed Plaintiff [*Id*.]. Benicio, who had not yet

been handcuffed, "swung [two] more times" [*Id*.]. Benicio hit Plaintiff, busting Plaintiff's lip and knocking out one of Plaintiff's teeth, which lodged itself in Plaintiff's upper lip [*Id*.].

At approximately 6:45 a.m., Plaintiff was placed in a cell with a working phone to call his family and a lawyer, but Sergeant Rutledge disconnected the phone in violation of Plaintiff's First Amendment rights [*Id*.]. Plaintiff heard Sergeant Metcalf tell Officer Wren that county inmates are not supposed to be housed with State inmates [*Id*.].

Plaintiff asked Sergeant Metcalf if he could see the nurse "and was denied medical services for the busted lip and broken tooth and scars" [*Id*.]. As a result, Plaintiff claims, he suffers from "mental anguish, PTSD, anxiety, sleep disorders, seizures, neck problems, dental pain and suffering[,] and arthritis" [*Id*.]. Despite these incidents, Sergeant Metcalf placed Plaintiff in C-pod with Benicio in July 2022 [*Id*. at 5].

Aggrieved, Plaintiff filed the instant suit seeking $400,000,000 in compensation for the mental anguish and pain and suffering caused by Defendants' actions [*Id*. at 6].

## II. PLRA SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.   ANALYSIS

#### A.   Claims Previously Dismissed

In its prior Memorandum and Order permitting Plaintiff to file an amended complaint, the Court stated, in relevant part:

> [T]he Court will allow Plaintiff an opportunity to file an amended complaint listing as named Defendants the persons responsible for failing to protect him and/or denying him medical care, along with the specific factual basis supporting each Defendant's liability. Plaintiff should not make legal arguments as to any Defendant's liability or address any claim dismissed by this Order, but rather, he should advise the Court of the facts — the who, what, when, where, why, and how — surrounding his claims.
>
> Therefore, if Plaintiff wishes to proceed with this litigation, he is **ORDERED** to file within fourteen (14) days of entry of this Order a single, comprehensive complaint that sets forth the following in concise language: the name(s) of each Defendant, the constitutional claim(s) for relief attributable to that Defendant, the factual allegations supporting each claim, and the specific injuries (if any) suffered by Plaintiff.

3

[Doc. 12 p. 6]. Plaintiff has iterated claims previously dismissed; namely, that he was improperly housed with a State inmate and/or that the phone was disconnected in violation of his First Amendment rights [*Compare* Doc. 13 *with* Doc. 12]. Accordingly, out of an abundance of caution, the Court finds, for the reasons set forth in its original screening Order, that these allegations fail to state a claim upon which § 1983 relief may be granted [*See* Doc. 12 p. 4-5]. Because these dismissed claims involve the only factual allegations levied against Defendant Rutledge, Sergeant Rutledge will be dismissed from this action.

### B.     Remaining Claims

Plaintiff has alleged that Officers Hanel and Wren failed to intervene and protect Plaintiff during a thirty to ninety-minute assault by another inmate, and that Plaintiff was struck and his tooth knocked out after these officers, accompanied by Officer Keys, failed to simultaneously restrain Inmate Benicio when they did eventually intervene [Doc. 13 p. 4-5]. The Court finds these allegations sufficient for Plaintiff to state a plausible failure-to-protect/intervene claim against Defendants Hanel, Wren, and Keys.

Additionally, Plaintiff has alleged that he sought medical treatment from Sergeant Metcalf following the assault by a fellow inmate, and that he was denied medical care. The Court notes that Plaintiff does not explicitly state that Sergeant Metcalf refused to allow Plaintiff to see medical staff, but rather, only that he did not receive treatment [Doc. 13 p. 4]. Nonetheless, providing Plaintiff's amended complaint liberal construction, the Court will assume for screening purposes that Plaintiff has stated a plausible claim that Sergeant Metcalf denied Plaintiff the right to medical care following his altercation with Inmate Benicio, and this claim will proceed against Sergeant Metcalf.

4

The Court does not find, however, that Plaintiff has stated a claim against Sergeant Metcalf merely because he was placed in C-pod with Inmate Benicio approximately a month following the incidents giving rise to this suit. Plaintiff's amended complaint is devoid of any facts, such as whether C-pod is a general population pod or restricted pod, whether any additional security measures were taken given the history between the inmates, whether other alternative housing existed, etc., that would permit the Court to draw an inference that merely housing the two inmates in the same pod violated Plaintiff's constitutional rights. Accordingly, any allegation that Sergeant Metcalf violated Plaintiff's constitutional rights by housing Plaintiff in the same pod with Inmate Benicio will be dismissed for failure to state a claim upon which § 1983 relief may be granted.

Finally, the Court finds that Plaintiff's amended complaint is devoid of any factual allegations against Defendant Mr. Davis. Therefore, Plaintiff has failed to state a claim against Mr. Davis, and he will be dismissed. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a § 1983 claim).

### IV. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's claim for the denial of medical care against Defendant Sergeant Metcalf will **PROCEED**;

2. Plaintiff's claim for failure to protect/intervene against Defendants Officer Hanel, Officer Wren, and Officer Keys will **PROCEED**;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Metcalf, Hanel, Wren, and Keys;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

5. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

7. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

8. All remaining claims and Defendants are hereby **DISMISSED**; and

9. Plaintiff is **ORDERED** to immediately inform the Court, Defendants, and their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**