UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| RENDELL JEREL MOORE, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 4:22-cv-33 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| OFFICER HANEL, ) | Magistrate Judge Steger |
| OFFICER WREN, ) | |
| OFFICER KEYS, and ) | |
| SEARGANT METCALF, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM OPINION AND ORDER**

This is a self-represented prisoner's civil rights action under 42 U.S.C. § 1983.[1] On December 14, 2023, this Court entered an Order requiring Plaintiff to show cause within fourteen (14) days why this Court should not dismiss this case based on his failure to report his change of address to the Clerk of Court. [Doc. 47]. The deadline has passed, and Plaintiff has not responded to the Order. In fact, the envelope bearing the Order, which was sent to Plaintiff's last known address, was returned to the Court as undeliverable. [Doc. 48].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion),

---

[1] The Court notes that the case caption includes an incorrect spelling of "Seargant" Metcalf as opposed to the proper spelling, which would be "Sergeant" Metcalf. The Court is not correcting the misspelling because it reflects Plaintiff's spelling of this particular defendant when he originally filed this lawsuit.

it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow explicit orders of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's Order has prejudiced Defendants, who have spent significant time and resources litigating this case, including filing a motion for summary judgment [Doc. 44]. Third, Plaintiff was expressly warned on numerous occasions that failure to timely report his change of address would result in the dismissal of this action [Doc. 5; Doc. 12 p. 8; Doc. 14 p. 6; Doc. 16 p. 2; Doc. 28 p. 3; Doc. 33 p. 2]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has ignored the repeated, explicit instructions of the Court.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure, and all pending motions will be **DENIED** as moot.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**